IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA RUSSELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0174-WS-N |
| | ) |
| JUSTIN HENDRIX, etc., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion to dismiss. (Doc. 24). The parties have filed briefs in support of their respective positions, (Docs. 25, 28, 30), and the motion is ripe for resolution.

According to the amended complaint, (Doc. 20), the two defendants[1] are deputies[2] with the Escambia County sheriff's office. In the course of an arrest unsupported by probable cause that occurred just outside the Escambia County probation office, Hendrix placed the plaintiff in a chokehold and Hill stomped on her hand with his foot. The amended complaint asserts four claims against the defendants, in their individual capacities only and for damages only: (1) Section 1983 claim for false arrest; (2) state claim for false arrest and imprisonment; (3) state claim for assault and battery; and (4) state claim for wantonness. The defendants seek dismissal of the state claims based on immunity and failure to state a claim.

---

[1] The style of the amended complaint names the first defendant as Justin Hendrix. The body of the amended complaint names the first defendant as Justin Hetric. The motion to dismiss asserts that this defendant's actual name is Justin Hetrick. Until and unless the complaint is properly amended, the name given in the style of the amended complaint will govern. The Court expects the parties to cooperate in ensuring that an appropriate amendment occurs and that all defendants are properly named.

[2] The amended complaint describes the defendants as "officers" of the sheriff's office. The plaintiff admits the defendants were in fact "deputies." (Doc. 28 at 2).

"[T]he State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const., art.1, § 14. "A sheriff is entitled to State immunity because of his status as a constitutional officer …. Suits against such officers for actions taken in the line and scope of their employment inherently constitute actions against the State, and such actions are prohibited by § 14." *Ex parte Donaldson*, 80 So. 3d 895, 898 (Ala. 2011) (internal quotes omitted).

Deputy sheriffs partake equally of this immunity. "Because sheriffs are constitutional officers and because deputy sheriffs act on behalf of sheriffs as alter egos, a claim for monetary damages made against a deputy sheriff in his or her individual capacity is barred by the doctrine of State immunity whenever the acts that form the basis of the alleged liability were being performed within the line and scope of the deputy sheriff's employment." *Ex parte Donaldson*, 80 So. 3d at 899.

The defendants were acting within the line and scope of their employment when arresting the plaintiff. "Because the functions associated with making arrests and dealing with arrestees are clearly within the course and scope of a deputy's employment, [citation omitted], [the defendant] was protected by the immunity granted in Article 1, Section 14 of the Alabama Constitution when arresting Plaintiff." *Holmes v. Hale*, 2016 WL 1730161 at *4 (N.D. Ala. 2016) (claim for assault and battery due to use of excessive force in effecting an arrest). The plaintiff makes no argument to the contrary.

While there are several exceptions to the constitutional immunity of sheriffs and their deputies, none of them apply when, as here, the only relief sought is damages. *See Alexander v. Hatfield*, 652 So. 2d 1142, 1143 (Ala. 1994); *Cobb v. Hawsey*, 2007 WL 2093474 at *3 n.6 (S.D. Ala. 2007). The plaintiff neither identifies nor invokes any other exception.

Instead, the plaintiff argues that, regardless of any constitutional immunity the defendants may possess, by statute they have only a qualified immunity that can be lost if they acted maliciously, in bad faith or beyond their authority.

Because the amended complaint alleges that the defendants so acted, the plaintiff concludes that her state claims may proceed. However, "whether a deputy sheriff would be entitled to State-agent immunity is immaterial to the question whether a deputy sheriff is entitled to State immunity." *Ex parte Donaldson*, 80 So. 3d at 900. "Thus, [the plaintiff's] attempt to incorporate the analysis required for determining State-agent immunity into the analysis for determining State immunity is fruitless." *Id*.

For the reasons set forth above, the defendants' motion to dismiss is **granted**. Counts II, III and IV are **dismissed**.[3]

DONE and ORDERED this 16th day of November, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The plaintiff proposes that she be granted leave to amend her complaint to correct any deficiency. She identifies no amendment that could avoid the bar of constitutional immunity, but the defendants declined the opportunity to object to her proposal. Accordingly, the dismissal of Counts II-IV is with leave to seek amendment in accordance with the Rule 16(b) scheduling order. (Doc. 29).